# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUMANA GULAMHUSSEIN, | Case No.: 2:10-cv-01906-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#6;<br>Motion for Hearing–#18) |
| BANK OF AMERICA, a foreign corporation; RECONTRUST COMPANY, a Nevada Corporation; DOES I-V; and DOE CORPORATIONS I through X inclusive, | |
| Defendants. | |

      Before the Court is Defendants BAC Home Loans Servicing, LP (sued as Bank of America) and ReconTrust Company, N.A.'s **Motion to Dismiss** (#6, filed Nov. 5, 2010) for failure to state a claim. The Court has also considered Plaintiff's Opposition (#13, filed Dec. 7, 2010), and Defendants' Reply (#16, filed Dec. 17, 2010).

      Also before the Court is Defendants' **Motion for Hearing** (#18, filed Feb. 25, 2010). Plaintiff did not respond.

## BACKGROUND

      In April 2004, Plaintiff purchased the real property located at 57 Fountainhead Circle in Henderson, Nevada. Plaintiff purchased the property by executing two loans with Realty Mortgage Company. These loans were later refinanced into one loan which was subsequently sold to Countrywide Home Loans, Inc., which is now owned by Bank of America. In 2009, Plaintiff defaulted on this loan.

AO 72
(Rev. 8/82)

Subsequent to default, Plaintiff contacted Bank of America seeking loan modification. Plaintiff alleges that a Bank of America representative reviewed certain financial information and informed her that she would qualify for a modification. Plaintiff subsequently applied for a loan modification but Bank of America denied her application. Bank of America's trustee, ReconTrust, thereafter filed a notice of default. Plaintiff then filed suit in the Eighth Judicial District Court of the State of Nevada on October 4, 2010. (Dkt. #1 Ex. 1, Compl.) Defendants subsequently removed the case to this Court based on diversity jurisdiction. In her complaint, Plaintiff alleges (1) promissory estoppel, (2) wrongful foreclosure/quiet title, (3) misrepresentation, and (4) preliminary/permanent injunction. Defendants now move to dismiss all of Plaintiff's claims. For the reasons set forth below, the Court grants the motion.

**DISCUSSION**

**I.     Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only

by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

"Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 2002) (quoting *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994)). Also, "on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Therefore, the Court takes judicial notice of the public documents relevant to this case. (*See* Dkt #7, Request for Judicial Notice Ex. I, Notice of Default; Ex. J, Notice of Default; Dkt. #16, Reply Ex. D, Mediation Certificate.)

**II.   Analysis**

**A.   Promissory Estoppel**

In order to state a claim for promissory estoppel, a plaintiff must allege: "(1) the defendant was appraised of the true facts; (2) the defendant intended he act based upon the defendant's representations or conduct; (3) he was not aware of the true facts; and (4) he detrimentally relied on defendant's misrepresentation or conduct." *Chanos v. Nev. Tax Comm'n*, 181 P.3d 675, 679 (Nev. 2008). Further, any promise must be sufficiently clear and unambiguous in its terms for the court to enforce any promised duty. *See Ladas v. Cal. State Auto. Ass'n*, 23

3

Cal. Rptr. 2d 810, 814–15 (Cal. Ct. App. 1993). Here, Plaintiff fails to demonstrate a clear and unambiguous promise that the Court may enforce. Accordingly, the Court dismisses Plaintiff's promissory estoppel claim.

  **B.**  **Wrongful Foreclosure**

    In Nevada, "[a]n action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). The central question is "whether the trustor was in default when the power of sale was exercised." *Id*. Here, Plaintiff acknowledges that she was in default when Defendants initiated non-judicial foreclosure proceedings by recording the notice of default. Therefore, Plaintiff's claim for wrongful foreclosure fails as a matter of law.

    Plaintiff, however, claims that Defendants failed to comply with Nevada statutes by failing to serve her with the appropriate notices. *See* NRS § 107.080. Specifically, Plaintiff claims that because she did not receive the notice of default or the mediation forms required by NRS § 107.086, any foreclosure on her property is wrongful. However, Nevada only requires that a trustee send the notice and the mediation forms by registered or certified mail, not that a trustee serve a plaintiff with personal service or that a plaintiff actually receive notice. NRS § 107.080(3). Here, Defendants have adequately shown that they mailed the appropriate documents, (*see* Dkt #7, Req. for Jud. Notice Ex. I, Notice of Default; Ex. J, Notice of Default; Dkt. #16, Reply Ex. D, Meditation Certificate), and Plaintiff did not allege that Defendants failed to properly send the documents   Therefore, the Court dismisses Plaintiff's wrongful foreclosure claim.

  **C.**  **Misrepresentation**

    Misrepresentation is a form of fraud where a false representation is relied upon in fact. *See Pacific Maxon, Inc. v. Wilson*, 96 Nev. 867, 871 (Nev. 1980). Fraud claims must meet a

4

heightened pleading standard under Rule 9, which requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG, LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see also Morris v. Bank of Nev.*, 886 P.2d 454, 456 n.1 (Nev. 1994). Plaintiff fails to sufficiently plead misrepresentation. At most, Plaintiff claims that one of Defendants' agents represented that she would qualify for a modification if she applied, however Plaintiff does not claim that she was actually offered or promised a modification. This is insufficient as a matter of law for misrepresentation. Therefore, the Court dismisses Plaintiff's claim.

### D. Injunction

An injunction is a remedy, not a cause of action. Also, Plaintiff must have a valid claim to obtain injunctive relief; here, she does not. Therefore, the Court must dismiss this claim.

### E. Motion for Hearing

As the Court has disposed of the motion to dismiss, the Court denies the motion for hearing as moot.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#6) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion for Hearing (#18) is DENIED as moot. The Clerk of the Court is directed to close this case.

Dated: April, 14 2011.

_____
ROGER L. HUNT
Chief United States District Judge